# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,  Criminal No. 09-340 JMR/AJB

           Plaintiff,

v.  **REPORT AND RECOMMENDATION**

Shannon Lee Angline,

           Defendant.

    Clifford B. Wardlaw, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

    Reynaldo A. Aligada, Jr., Esq., Assistant Federal Defender, for defendant Shannon Lee Angline.

This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on December 11, 2009, at the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101. Testimony was presented at the hearing with regard to suppression of evidence.

Based upon the file and documents contained therein, along with testimony presented at hearing, the Magistrate Judge makes the following:

**Findings**

    **Vehicle Stop and Arrest.** Defendant Shannon Angline was arrested in Anoka County on September 16, 2009, in the course of the stop of a vehicle in which he was a passenger. In early September 2009, Minneapolis Police Officer James Burns was contacted by a confidential reliable informant ("CRI") with whom the officer had previous experience and had obtained information that led to the issuance and successful execution of search warrants. The CRI reported that a person going by the street name "Fuzz," described as a black male,

approximately 35 years old, five-foot-six-inches tall, with a slight build and braided hair, was selling marijuana from a specified residence in Columbia Heights, Minnesota.  Based upon the description and surveillance, officers confirmed the defendant as the investigation subject and thereafter made arrangements for two controlled drug buys.  The CRI contacted the defendant to arrange the transactions.  Before each drug buy meeting, officers searched the CRI, gave him the purchase money, and observed him as he drove to the purchase site.  The first controlled buy took place in a north Minneapolis residence and the second was at the Columbia Heights residence.  The actual drug exchanges occurred inside the homes and were not observed by officers.  The CRI reported that defendant Angline had asked if he wanted to purchase a gun and the CRI observed the defendant with a handgun in his possession within 72 hours of submitting an application for a search warrant.

On September 16, 2009, officers executed a warrant to search the Columbia Heights residence.  Officers had previously checked defendant Shannon Angline's criminal history and learned that the defendant had a felony record involving drug and firearms offenses.  Surveillance at the location was conducted immediately prior to execution of the warrant.  The defendant was observed leaving that house, walking to a vehicle, and leaving the scene in the car.  Shortly thereafter, a vehicle stop was conducted by a Columbia Heights police officer.  Officer Burns arrived at the stop location and placed him in the rear seat of the officer's unmarked vehicle.  The stop was made pursuant to directions from Officer Burns and was not based upon any observed traffic violation.  Defendant Angline was arrested at the stop.  He made no attempt to flee and no questions were asked at the stop.  The defendant was pat searched and no contraband was found on his person.  The stop and arrest occurred after the search warrant

2

had been signed, but before it was executed. Mr. Angline made incriminating statements to officers following his arrest.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Fruit of the Poisonous Tree.** The stop of the vehicle in which defendant Shannon Angline was a passenger on September 16, 2009, was not unlawfully made in violation the defendant's constitution rights, and his arrest at the time of the stop was not an unlawful seizure of the defendant's person. Statements and other evidence that may have been obtained subsequent to the stop and arrest were not the fruit of unlawful police actions, and suppression of evidence pursuant to the fruit of the poisonous tree doctrine is not required. See Wong Sun v. United States, 371 U.S. 471 (1963). As a result of two controlled drug buys, and the CRI's observation of a handgun in the defendant's possession in close time proximity to the stop and arrest, officers had reliable evidence that the defendant was in possession of a firearm. Officers further had specific knowledge that the defendant had a felony criminal history prior to the stop and arrest. The evidence was sufficient to establish probable cause to believe that Mr. Angline was a felon in possession of a firearm and was immediately subject to arrest on that offense. See United States v. Brown, 217 F.3d 605, 607 (8th Cir. 2000)(an officer's subjective intent is irrelevant so long as there is sufficient objective evidence establish probable cause for the arrest (citations omitted)).

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

**RECOMMENDATION**

The Court **hereby recommends** that defendant Shannon Lee Angline's Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure be **denied**. [Docket No. 15].

Dated:   December 14, 2009

                                                                             s/Arthur J. Boylan
                                                                             Arthur J. Boylan
                                                                             United States Magistrate Judge

      Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 30, 2009.

      Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.